DEGEN *v.* MANISTEE, FILER CITY & EAST LAKE RAILWAY CO.

CONTRACT OF EMPLOYMENT—INSUBORDINATION—DISCHARGE.

The refusal of a street-railway superintendent to obey the instructions of the president of the company, to whom the management of its affairs has been intrusted, constitutes a breach of his agreement to perform such duties as might be required of him by the company, and justifies his discharge.

Error to Manistee; McMahon, J. Submitted April 28, 1897. Decided May 25, 1897.

*Assumpsit* by Nat E. Degen against the Manistee, Filer City & East Lake Railway Company for the breach of a contract of employment. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*McAlvay & Grant*, for appellant.

*Dovel & Smith*, for appellee.

LONG, C. J. Plaintiff entered into a written agreement with defendant on February 27, 1893. The agreement was to continue at least one year from June 1st, thereafter, at the rate of $1,000 per year up to June 1, 1893, and after that date at the rate of $1,200 per year.

It could by its terms be terminated by either party by giving 60 days' notice. It contained the following stipulations:

"The conditions of this agreement are as follows: The party of the first part hereby agrees to enter into the employment of the party of the second part as superintendent of its lines of electric street railway in Manistee, Michigan, and perform such duties as may be required of him by said second party; hereby agreeing to give his entire time, labor, and attention to such employment."

Mr. G. A. Hart was the president of the defendant company, and made the contract with plaintiff, signing it as president. No one gave plaintiff any orders, except Mr. Hart. Plaintiff commenced work on March 13th, and was discharged by Mr. Hart on October 23d following. Plaintiff claims that he was illegally discharged, and brings this action to recover for the balance of the time. On the trial the court directed verdict in favor of defendant. Plaintiff brings error.

It appears that some fault was found with plaintiff by Mr. Hart at different times, in that he could not find plaintiff when he wanted him. About September 28th, plaintiff went away to the World's Fair, with permission of defendant, and returned about October 10th. By permission of Mr. Hart, he then went to Milwaukee for a few days, to attend a street-railway convention. When he left he made arrangements for the proper management of his business, leaving the foreman at the power house in charge. During his absence, Mr. Hart assumed the management of the business. On the plaintiff's return from Milwaukee, he found that Mr. Hart had made some changes. He had made a new arrangement on what is called the "bulletin-board,"—made changes in the schedule of the men. This the plaintiff, on his arrival, at once wiped off the board, made a new schedule, and put another man in place of a man whom Mr. Hart had put on. The next morning, when Mr. Hart came, he asked the plaintiff why he took off the man he put on. Plain-

tiff told him the other man was entitled to the run. On being asked if he would reinstate the man whom Mr. Hart had put on, he refused. Some altercation took place; Mr. Hart insisting that his man should go back, and the plaintiff refusing to comply with his orders. The plaintiff then said ·

"As long as you hold me responsible for the conduct of the men, I want you to understand that I will boss them. I will hire them, and I will discharge them, and not you; and, if today is the last day I am superintendent, today, at any rate, this man will not be put back to a regular run."

He was asked again by Mr. Hart to put the man back, and refused, when Mr. Hart told him he would take charge. The court stated, in determining the case, that the plaintiff was rightfully discharged for insubordination.

There was no substantial dispute or contradiction between the plaintiff and Mr. Hart as to what took place, and what is here stated is taken from plaintiff's own version of the affair. We are satisfied that the court below was not in error in holding, under the circumstances, that the plaintiff was properly discharged, 'and no recovery could be had. Mr. Hart was the president of the company. He had charge of all its affairs. He made the contract on behalf of the company with the plaintiff. Evidently he was the only one connected with the company who had supervision of the works. The company had intrusted to him the management, and the plaintiff had taken his orders from him up to that time, and under the contract he was "to perform such duties as may be required of him by said second party." Mr. Hart was the agent of the second party, and with full power to act for it. The rule is that the neglect or refusal of an employé to obey the directions of the employer as to the manner of performing his work is a breach of the contract

which justifies his discharge.    *Matthews* v. *Park Bros. & Co.,* 159 Pa. St. 579; *Child* v. *Manufacturing Co.,* 72 Mich. 623.

The judgment is affirmed.

The other Justices concurred.