COFFIN *v.* BOARD OF EDUCATION OF DETROIT.[1]

MANDAMUS—TEACHER'S SALARY—REMEDY AT LAW.

> Respondent hired relator to teach in the public schools for one year, beginning in September. On December 18th she was served with a copy of a resolution adopted by the committee on teachers, which provided that she be relieved from further duty pending the action of the school board. At its next meeting the board approved of the committee's action, and provided that the release from duty be continued during the term for which she had a contract with the board. The relator's salary was paid to January 1st, but at the meeting of the board in January it was resolved to discontinue it. *Mandamus* proceedings were thereafter instituted to compel the payment of the salary fixed by the contract. Respondent answered, claiming that it had discharged the relator in the exercise of its power to discharge teachers for good and sufficient reasons. *Held,* that *mandamus* was improperly granted, for the reason that the usual action at law afforded an adequate remedy.

*Certiorari* to Wayne; Hosmer, J. Submitted June 22, 1897. Decided September 14, 1897.

*Mandamus* by Mathilde Coffin to compel the board of education of the city of Detroit to pay her the salary provided in her contract of employment as teacher in the city schools. From an order granting the writ, respondent brings *certiorari.* Reversed.

*John J. Speed,* for relator.

*William E. Baubie,* for respondent.

LONG, C. J. It appears that relator was named in the report of the committee on teachers and schools as one of the special teachers, with title of assistant superintendent,

---

[1] Rehearing denied November 23, 1897.

in the public schools of Detroit for the year beginning with the month of September, 1896. Her name appeared upon the list of special teachers, with the salary reported at $235 per month. This report was adopted by the board, and the relator given notice of such action. That notice contained the following:

"The conditions of this appointment are that you are subject to assignment or transfer at the discretion of the board, and that you will faithfully observe the rules and regulations adopted by the board for the government of the public schools of the city, and that you will contribute a sum not exceeding one per cent. of your monthly salary, as the board may require, to the public school teachers' retirement fund."

September 12, 1896, the relator accepted this employment as follows:

"I accept the appointment of teacher in the public schools of Detroit tendered to me in your notice dated June 24, 1896, at the salary named, and according to the conditions prescribed therein."

On December 22, 1896, the committee on teachers and schools made a report to the board as follows:

"Your committee beg leave to report and ask your approval of the action taken by this committee at a meeting held December 18th, when the following resolution was unanimously adopted: 'That Mathilde Coffin be relieved from further duty pending the action of the board at its next meeting, it being deemed advisable for the best interests of the schools; that the chairman be instructed to notify Miss Coffin of this action.' Miss Coffin was at once notified, and given a copy of the above resolution, and we now ask your concurrence in our action, and that the release from duty of Mathilde Coffin for the reason above stated be continued during the term for which she has a contract with the board."

This report was adopted by the board. Miss Coffin was paid to January 1, 1897, but at the meeting of the board in January it was resolved not to continue her pay. Proceedings were thereafter commenced in the Wayne circuit court for *mandamus* to compel the respondent to

pay the salary fixed. Respondent appeared, and answered the petition in that court. Thereafter the court made an order settling issues, and directed such issues to be heard before a jury. A jury was impaneled, but, after the testimony was taken, the court discharged them, and made a finding himself, and thereafter awarded the writ against the respondent, directing it to pay the salary named. The case comes into this court by writ of *certiorari*.

The first question raised is whether the writ of *mandamus* is the proper remedy. The answer to the order to show cause in the court below sets up facts which, if true, would undoubtedly determine the case in favor of the respondent. The contract of employment was not like the one in *Carver* v. *School District*, 113 Mich. 524. There the statute prescribed what the contract should contain. But in that case the rule stated in *Tripp* v. *School District*, 50 Wis. 651, was quoted with approval, where it was said:

"We think the only power which the board have to discharge a teacher is the power which they may exercise on behalf of the district when the teacher is guilty of some breach of his contract which, at common law, would justify an employer in discharging his servant, or when the teacher has lost all right to teach the school by reason of the annulment of his certificate in the way prescribed by the statute."

In this view of the relations existing between the relator and the school board, it is difficult to see how she could have the use of the writ of *mandamus* to settle the controversy. If she was dismissed for cause which would be sufficient to warrant an employer to dismiss his servant, then she had no right of action. It was said in *Degen* v. *Railway Co.*, 113 Mich. 66:

"The rule is that the neglect or refusal of an employé to obey the directions of the employer as to the manner of performing his work is a breach of the contract which justifies his discharge."

But, whatever may be the rule in this case which must

determine the rights of the relator, it is evident that she has an adequate remedy at law. It is an ordinary contract of employment as a teacher in the public schools. She claims to have lived up to its requirements, that she was unjustly and unlawfully discharged, and that she is now entitled to be paid. On the other hand, the respondent contends that it had power to discharge her, and did discharge her for good and sufficient cause. Courts will not permit the use of the writ of *mandamus* when there is a plain, direct, and adequate remedy at law. Merrill, Mand. § 10, and cases there cited. We are not disposed to carry the use of this writ beyond the bounds to which we have already gone, or permit its use in cases where there is so plain a remedy as here shown. The proceedings below must be reversed, and the writ of *mandamus* quashed, with costs in favor of respondent.

The other Justices concurred.