CLARKE *v.* HILL.

MANDAMUS—TRANSFER OF STOCK.

> *Mandamus* will not be granted to compel the secretary of a private corporation to record the transfer of certificates of stock on the books of the company, as equity has jurisdiction to decree transfers, if an action at law does not afford an adequate remedy.

*Certiorari* to Wayne; Brooke, J. Submitted October 8, 1902. (Docket No. 9.) Decided March 23, 1903.

*Mandamus* by Ira M. Clarke to compel William H. Hill, secretary of the W. H. Hill Company, to transfer certain shares of stock. From an order granting the writ, respondent brings *certiorari.* Reversed.

*Corliss, Andrus, Leete & Joslyn,* for relator.

*Keena & Lightner,* for respondent:

Cited, to the point that *mandamus* is not the proper remedy, *Kimball* v. *Water Co.,* 44 Cal. 173; *Tobey* v. *Hakes,* 54 Conn. 274 (7 Atl..551); *Bank of Georgia* v. *Harrison,* 66 Ga. 696; *Stackpole* v. *Seymour,* 127 Mass. 104; *Baker* v. *Marshal,* 15 Minn. 177; *State* v. *Rombauer,* 46 Mo. 155; *State* v. *Loan Ass'n,* 43 N. J. Law, 389; *State* v. *Timken,* 48 N. J. Law, 87 (2 Atl. 783); *Shipley* v. *Bank,* 10 Johns. 484; *Ex parte Firemen's Ins. Co.,* 6 Hill, 243; *State* v. *Guerrero,* 12 Nev. 105; *Freon* v. *Carriage Co.,* 42 Ohio St. 30; *Durham* v. *Mining Co.,* 9 Or. 41–52; *Wilkinson* v. *Bank,* 3 R. I. 22.

HOOKER, C. J.    Relator obtained a peremptory *mandamus* issued out of the circuit court requiring the respondent to transfer certain stock in a private corporation to the relator upon the books of the company. The learned circuit judge was of the opinion that, while there were other remedies, inasmuch as he was able to say that the right to the stock was clear, the writ should issue.

*Mandamus* is an extraordinary remedy, and is recognized as such. We have often held that it is inappropriate where there is another adequate remedy in law or in equity; and, as it is never supposed to be issued where there is not a clear legal right, it can hardly rest upon the ground that the right is undisputed. The authorities are overwhelming in support of respondent's contention that this is not a proper remedy here. As they are cited in respondent's brief, we need not cite them, or discuss them further than to say that most of the cases cited by relator's counsel are distinguishable on well-recognized grounds. Equity has complete jurisdiction to decree transfers, if an action at law is not an adequate remedy.    2 Thomp. Corp.

§ 2425 *et seq.* See, also, section 2445. To sustain the jurisdiction contended for would be to make the summary remedy by *mandamus* the substitute for an action or suit in a large class of cases.

The order is reversed, with costs, and the writ is denied.

MOORE, GRANT, and MONTGOMERY, JJ., concurred.