HILL *v.* STATE HIGHWAY COMMISSION.

1. MANDAMUS—ISSUANCE OF WRIT—REMEDY.

Mandamus ordinarily will not issue unless the defendant has a clear legal duty to act and the complainant has no other adequate remedy (GCR 1963, 714).

2. COURTS—COURT OF CLAIMS—CHANGE OF GRADE OF HIGHWAY—DAMAGES.

An action against the State highway commission may properly be brought in the court of claims to recover for damages to plaintiffs' land by reason of the change of grade of an abutting interstate highway.

3. SAME — COURT OF CLAIMS — CONSTITUTIONAL LAW — TAKING OF PROPERTY — REMEDY.

Argument that plaintiffs' remedy was exclusively in the court of claims might not prevail if there were a clear unconstitutional taking of private property, but where no actual physical taking of any of plaintiffs' property is shown or pleaded, plaintiffs' remedy is by action in the court of claims.

4. SAME—COURT OF CLAIMS—TAKING OF PROPERTY—TESTIMONIAL HEARING.

Creation of a rear yard effect for the front of plaintiffs' property by constructing a bank approximately 4 feet above the grade of plaintiffs' property on the right-of-way of an interstate highway may or may not amount to a constructive

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 34 Am Jur, Mandamus § 54 *et seq.*
[2, 4] 26 Am Jur 2d, Eminent Domain § 228 *et seq.*
    27 Am Jur 2d, Eminent Domain § 327.
[3] 27 Am Jur 2d, Eminent Domain § 503.
[4] 27 Am Jur 2d, Eminent Domain § 399.
[5] 27 Am Jur 2d, Eminent Domain §§ 404, 408.
[6, 7] 27 Am Jur 2d, Eminent Domain §§ 407–409.
[8] 35 Am Jur, Mandamus § 393.
    Liability for costs on appeal relating to amount of condemnation award. 50 ALR2d 1386.

taking of plaintiffs' property, but that determination can come only from a full testimonial hearing in the court of claims.

5. CONSTITUTIONAL LAW — EMINENT DOMAIN — COMPENSATION — COURTS.

Former Constitution required jury of 12 freeholders or 3 commissioners to determine necessity and just compensation for property taken for public benefit, except when taken by the State, while the present Constitution provides that private property is not to be taken for public use without just compensation, as determined in proceedings in a court of record, first being made or secured in a manner prescribed by law (Const 1908, art 13, § 2; Const 1963, art 10, § 2).

6. HIGHWAYS — STATUTES — CONDEMNATION — DAMAGES — JURY — STATE HIGHWAY COMMISSION.

Act providing for purchase and condemnation of private property for public highways and allowing assessment of damages other than by a jury has been specifically authorized for use by the State highway commission (CL 1948, §§ 213-.183, 225.2b).

7. SAME — CONDEMNATION — JURY TRIAL — CONSTITUTIONAL LAW — STATE HIGHWAY COMMISSION — DAMAGES.

There is no constitutional right to jury trial in condemnation proceedings but there is statutory authority for nonjury proceeding by the State highway commission; thus, plaintiffs' assertion that an action in the court of claims for damages to their property, resulting from an establishment of a right-of-way and construction of an interstate highway near to their land, is not adequate because damages cannot be determined by a jury, is without merit, for plaintiffs have no right to a jury determination (Const 1908, art 13, § 2; Const 1963, art 10, § 2; CL 1948, §§ 213.183, 225.2b).

8. COSTS—APPEAL AND ERROR—MANDAMUS—STATE HIGHWAY COMMISSION.

No costs are allowed on plaintiffs' appeal from the denial by the Court of Appeals of a complaint for an order to show cause why a writ of mandamus should not be directed to the State highway commission commanding it to institute an action to determine damage to plaintiffs' property as a result of the establishment of a right-of-way and construction of an interstate highway.

Appeal from Court of Appeals, Division 3, Fitzgerald, P. J., and Burns and Holbrook, JJ. Submitted June 3, 1969. (Calendar No. 2, Docket No. 51, 842.) Decided September 3, 1969.

Donald C. Hill and Joan Hill complain for an order to show cause why a writ of mandamus should not be directed to the State Highway Commission, commanding it to determine damages to plaintiffs' property as a result of establishment of a right-of-way and construction of an interstate highway. Complaint denied. Plaintiffs appeal. Affirmed.

*John H. Yoe,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso* and *John M. Roche,* Assistant Attorneys General, for the State Highway Commission.

ADAMS, J. On March 7, 1967, plaintiffs filed a complaint with the Court of Appeals in which they sought an order to require defendant to show cause why a writ of mandamus should not issue directed to the State highway commission and commanding it to institute an action to ascertain and determine the damages to plaintiffs' property as a result of establishment of the right-of-way and construction of the I-94 expressway.

The complaint stated that plaintiffs were the owners of a lot in the city of St. Clair Shores located at the northwest corner of Edmunton drive and Mauer drive; that the lot had an 80-foot frontage on Mauer drive and a side lot of 100 feet; and that their residence fronted on Mauer drive. A drawing prepared

by the Michigan State highway department was attached to the complaint and is displayed herein.

Petitioners' Exhibit "A"

Plaintiffs sought to compel a proceeding by defendant to ascertain "damages and compensation

both for actual taking and for inverse condemnation as the direct result of the establishment of the right-of-way for said I-94 expressway."

On June 23, 1967, the Court of Appeals denied the complaint without prejudice to the right of plaintiffs to file a claim with the court of claims. On October 4, 1967, this Court granted leave to appeal (379 Mich 781).

### Mandamus Not Plaintiffs' Remedy.

The general principles which warrant the issuance of a writ of mandamus have been discussed by this Court in numerous cases. Mandamus ordinarily will not issue unless the defendant is under a clear legal duty to act and unless the complainant has no other adequate remedy.[1] See *People* v. *Judges of the Jackson Circuit Court* (1844), 1 Doug (Mich) 302; *Coffin* v. *Board of Education of Detroit* (1897), 114 Mich 342; *Waterman-Waterbury Co.* v. *School District No. 4 of Cato Township* (1914), 183 Mich 168; *Sumeracki* v. *Stack* (1934), 269 Mich 169; and *Toan* v. *McGinn* (1935), 271 Mich 28.

Defendant stresses that plaintiffs had a remedy in the Michigan court of claims under the provisions of the court of claims act, chap 64, RJA (MCLA § 600.6401 et seq. [Stat Ann 1962 Rev § 27A.6401 et seq.]), section 6419 providing that the jurisdiction of the court of claims over certain claims and demands shall be exclusive.

In *Thom* v. *State Highway Commissioner* (1965), 376 Mich 608, this Court held that a property owner had such a remedy. In that case, plaintiff's farm was damaged by the action of the State highway department in raising the grade of a public highway

---

[1] See GCR 1963, 714.—REPORTER.

which abutted the home and outbuildings of the farm. It was held that suit in the court of claims to recover for such damage was proper.

Since we deem the precise nature of plaintiffs' claims for actual taking and for inverse condemnation of importance to our decision, we quote in full paragraphs 5 and 6 of plaintiffs' complaint in which the same are set forth:

"5. That prior to the establishment and construction of Edsel Ford expressway (I-94), Mauer drive provided access to lands and thoroughfares lying to the east of petitioners' properties, but since the establishment of said expressway petitioners' lands and premises have been damaged in the following particulars:

"(a) As above stated, all access to lands easterly of petitioners' property has been obliterated by said expressway; and the only means of ingress and egress is westerly to Beaconsfield avenue, so-called, and thence southerly to Eight Mile road or northerly to Nine Mile road;

"(b) The right-of-way for Mauer drive, so-called, formerly a public thoroughfare, constituted part of petitioners' property subject to public travel, and such right-of-way has been diminished to the extent that the same provides substantially a front and side drive for a residence building northerly of petitioners' property and on Lot 110 of Notre Dame Woods Subdivisions No. 2, and likewise Edmunton drive has been dead-ended at the expressway right-of-way, as appears on petitioners' exhibit 'A'.

"6. That the Edsel Ford expressway is a depressed highway to the extent of about four feet below and above average grade and a bank is created approximately four feet above the grade of petitioners' property, along and near the crest of which the defendant has constructed a fence, creating a rear yard effect for the front of petitioners' property."

In their application for leave to appeal, this statement of those claims is made:

"Prior to the establishment and construction of I-94, Mauer drive provided access to lands and thoroughfares to the east of the Hills' property, but this access has now been removed by reason of the fact that both Mauer drive and Edmunton drive are deadended at the I-94 right-of-way.  *  *  *  As a result, the means of ingress and egress has been cut down; the right-of-way for Mauer drive, which constituted part of Hills' property, subject to the right of public travel, has been diminished to the extent that it provides substantially a front and side drive for a residence immediately to the north of Hills' property, on Lot 110 of Notre Dame Woods Subdivision No. 2; and a bank has been created along I-94 about 4 feet above the grade of Hills' property, creating a rear yard effect for the front of their property."

We do not base our decision herein so much upon the adequacy of plaintiffs' remedy in the court of claims as we do upon the tenuousness of the claims themselves. In a case in which there was a clear fact situation of an unconstitutional taking of private property, the argument of an adequate remedy in the court of claims might not prevail. Here, however, no actual physical taking of any portion of plaintiffs' property is pled or shown.

1. Plaintiffs' right of ingress and egress on Mauer drive, though closed to the north, remains open to the south. On Edmunton drive, though closed to the east, it remains open to the west. In this respect, plaintiffs make no showing that they are differently treated from other members of the traveling public or property owners whose use of these streets has been restricted by the construction of the limited access expressway.

2. The right-of-way for Mauer drive, constituting part of plaintiffs' property subject to the easement for public travel, remains unaltered along plaintiffs' property line.   No change in plaintiffs' property right is shown to have occurred as a result of construction of the expressway.

3. The defendant's creation of a rear yard effect for the front of plaintiffs' property by constructing a bank approximately four feet above the grade of plaintiffs' property on the right-of-way may or may not amount to a taking of plaintiffs' property within the principles stated in *Thom* and cases therein cited and discussed.   If plaintiffs' claims have merit, they are of such a nature as to establish a constructive rather than an actual taking of plaintiffs' property. This is the crux of the case.   Determination of that question (it being the contention of defendant that there has been no taking whatsoever) can come only after a full testimonial hearing.   In circumstances such as these, plaintiffs' remedy is by an action in the court of claims in order that a determination may be made as to whether a taking has occurred and, if so, plaintiffs' damage from the same.

### Right to a Jury in a Condemnation Proceeding.

Finally, while plaintiffs concede they have a remedy in the court of claims, they assert that it is not adequate because the amount of damages cannot be determined by a jury in such a proceeding.   Plaintiffs ask that the State highway commission be required to proceed under an act for condemnation by State agencies and public corporations, being PA 1911, No 149.   Section 8 of that act (CL 1948, § 213-.28 [Stat Ann 1958 Rev § 8.18]) provides for a jury of 12 freeholders.   The court of claims act provides: "The case shall be heard by the judge without a

jury." CLS 1961, § 600.6443 (Stat Ann 1962 Rev § 27A.6443).

Const 1908, art 13, § 2, required a jury of 12 freeholders, or by not less than three commissioners, to determine necessity and just compensation to be made for property taken for the use or benefit of the public "except when to be made by the state." Const 1963, art 10, § 2, provides:

"Private property shall not be taken for public use without just compensation therefor being first made or secured in a manner prescribed by law. Compensation shall be determined in proceedings in a court of record."

The attorney general points out that some condemnation statutes provide for different modes of assessing damages than by a jury, such as by three commissioners. This is provided for by section 13 of an act for purchase and condemnation of private property for public highway purposes. PA 1925, No 352 (CL 1948, § 213.183 [Stat Ann 1958 Rev § 8-184]). The State highway commissioner[2] is authorized to institute proceedings in this manner by CL 1948, § 225.2b (Stat Ann 1958 Rev § 9.204). Since neither the Constitution of 1908 nor 1963 provides a constitutional right to a jury in a condemnation hearing and since there is statutory authority for nonjury proceedings by the highway commission, the plaintiffs' claim of a right to a determination of damages by a jury is without merit. See *City of Dearborn* v. *Michigan Turnpike Authority* (1955), 344 Mich 37, 64; *Fitzsimons & Galvin, Inc.,* v. *Rogers* (1928), 243 Mich 649, 661, 662.

---

[2] The office of State highway commissioner was abolished and the powers and duties of that office transferred to and vested in the State highway commission by PA 1964, No 286, § 2 (MCLA § 247.802 [Stat Ann 1969 Cum Supp § 9.216(2)]).

The Court of Appeals did not err in denying plaintiffs' complaint.  It is affirmed.  No costs.

T. E. BRENNAN, C. J., and DETHMERS, KELLY, T. M. KAVANAGH, and T. G. KAVANAGH, JJ., concurred with ADAMS, J.

BLACK, J., concurred in the result.