STATE HIGHWAY COMMISSION *v.* TREMARCO CORPORATION

1. EMINENT DOMAIN—CONDEMNATION PROCEEDINGS—UNILATERAL DIS-
CONTINUANCE.

> The State Highway Commission's power to terminate a con-
> demnation proceeding unilaterally is limited to termination
> of the condemnation proceeding itself, and where the defend-
> ant has filed a responsive pleading, termination of the action
> as a whole can come only with either the consent of the
> defendant or an order of the court if the defendant is en-
> titled to an adjudication under his pleading (MCLA 213.390;
> GCR 1963, 504.1).

2. EMINENT DOMAIN—CONDEMNATION PROCEEDING—COUNTERCLAIM—
AMENDMENT.

> A defendant in a condemnation proceeding initiated by the
> State Highway Commission who has filed a responsive plead-
> ing may amend that pleading to include a counterclaim for
> loss of access, light, air, and view even where the State
> Highway Commission has discontinued the condemnation pro-
> ceeding thereby setting aside an order for surrender of
> possession and revesting title to the property in the de-
> fendant.

3. EMINENT DOMAIN—CONDEMNATION PROCEEDINGS—DISCONTINUANCE
—COUNTERCLAIM—JURISDICTION.

> A notice of discontinuance filed in the circuit court by the
> State Highway Commission in a condemnation proceeding after
> the defendant had filed a responsive pleading does not deny
> the circuit court the power to adjudicate defendant's pending
> counterclaim where the counterclaim is cognizable by the circuit
> court.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 27 Am Jur 2d, Eminent Domain § 453 *et seq.*
  Right to abandon and effect of abandonment of eminent domain
    proceedings. 121 ALR 12.
[2] 27 Am Jur 2d, Eminent Domain § 398.

Appeal from Wayne, George E. Bowles, J.  Submitted Division 1 June 8, 1971, at Detroit.  (Docket No. 9965.)  Decided November 22, 1971.

Condemnation petition by the State Highway Commission against Tremarco Corporation, Gulf Oil Corporation, and the Mellon National Bank and Trust Company.  The Highway Commission filed a notice of discontinuance.  Defendants' motion to strike the notice of discontinuance and subsequent motion for leave to file an amended response and counterclaim denied.  Defendants appeal.  Remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *John M. Roche,* Assistants Attorney General, for the plaintiff.

*Dickinson, Wright, McKean & Cudlip* (by *William B. Cudlip, Charles F. Clippert* and *J. Thomas Carroll, Jr.*), for the defendants.

Before: LEVIN, P. J., and QUINN and V. J. BRENNAN, JJ.

LEVIN, P. J.  The State Highway Commission commenced this action to condemn a 330-square-foot triangular parcel of land which is part of a larger plot improved with a gasoline service station.  The land is owned by the respondent Tremarco Corporation.  The small triangular parcel was sought for the construction of Interstate Highway I-96.

Tremarco's response to the commission's petition denies the allegation that the taking was only of the small parcel sought to be condemned and affirmatively alleges that the entire plot "together with all

easements appurtenant thereto" was also being taken.

On December 31, 1969, Tremarco moved for an order setting aside both an earlier declaration of taking filed by the commission and an order entered by the circuit court requiring Tremarco to surrender possession of the small parcel. Tremarco contended that the act under which the commission was proceeding, PA 1966, No 295, was unconstitutional, and, if it was constitutional, that the commission had failed to comply with the act because it had failed to describe and acknowledge and to make a good-faith offer for the taking of easements of access, light, air, and view which would inexorably result from construction of the contemplated highway and the resulting destruction of the value of the entire plot.

Thereafter the commission decided to terminate its efforts to acquire the small parcel and with the consent of both parties an order dated February 27, 1970 was entered setting aside both the declaration of taking and the order for surrender of possession, and it was further directed that title be revested in Tremarco. Thus, Tremarco obtained by this order precisely the relief prayed for in its motion.

On March 2, 1970 the commission filed in this action a notice of discontinuance purporting to dismiss the action. The notice of discontinuance was filed without seeking the concurrence of counsel for Tremarco or leave of court.

Tremarco moved to strike the notice of discontinuance, and later moved for leave to file an amended response and counterclaim wherein it alleged that its property is located at the intersection of Schoolcraft and Telegraph Roads, that the commission intends to construct a limited access road depressed below grade level on Schoolcraft and an elevated road over the intersection in the Telegraph

Road right-of-way and that it intends to continue with the construction of that project; and that the commission is required under Const 1963, art 10, § 2 to condemn the easements of access, light, air, and view which are appurtenant to the property and to pay just compensation to Tremarco for the destruction in the value and for the taking of such interests in property before they are taken.

Orders were entered by the circuit judge in July 1970 denying the motions. On appeal Tremarco contends that the judge erred in allowing the commission unilaterally to discontinue this action after Tremarco had filed a responsive pleading. Tremarco relies on GCR 1963, 504.1, concerning voluntary dismissal, which provides that after an adverse party has filed an answer or certain motions an action shall not be dismissed at the instance of a plaintiff except upon a stipulation of dismissal signed by all the parties or "by order of court on such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the court shall not order the action dismissed over the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court."

Additionally, Tremarco contends that the judge abused his discretion in denying its motion for leave to file an amended response and counterclaim expanding on its allegation that appurtenant easements of access, light, air, and view had been or would be constructively taken. Finally, Tremarco contends that the judge erred in concluding that Tremarco's exclusive remedy for a constructive taking is to file an action in the Court of Claims.

The commission responds that it may unilaterally discontinue this action under the authority of § 30[1] of PA 1966, No 295, and the Michigan Supreme Court's decision in the case of *In re Board of Education of City of Detroit* (1928), 242 Mich 658.

Section 30 of the 1966 act provides: "The petitioner shall not have power to discontinue the proceedings under this act after the vesting of title to the property taken". Comparable language in another condemnation act: "The petitioning corporation or state agency shall not have power to discontinue the proceedings under this act after the confirmation of the verdict of the jury",[2] was construed in *Board of Education* to mean that the condemning authority has the right to discontinue a condemnation proceeding before confirmation of the verdict. The Supreme Court reasoned (at p 660):

"That statute, in providing that discontinuance may not be made *after* confirmation of the verdict is a clear recognition of the right to discontinue *before* confirmation of the verdict. The limitation in the statute relates to the time for the exercise of a right, and, until the limitation becomes operative by reason of the designated event, the right remains. This enables public agencies to safeguard the public interest by way of not being bound to accept property at a cost not warranted by public need." (Emphasis by the Court.)

While the State Highway Commission has the right under § 30 of the 1966 act, as the comparable language was construed in *Board of Education,* to discontinue the taking and the proceeding commenced to affectuate it, it does not necessarily enjoy the right unilaterally to discontinue the action. And

---

1 MCLA § 213.390 (Stat Ann 1971 Cum Supp § 8.261[30]).
2 CL 1915, § 370 (MCLA § 213.38 [Stat Ann 1958 Rev § 8.28]).

as long as the action is pending, then, despite the discontinuance of the condemnation proceeding, Tremarco's pleadings are yet amendable.

We agree with the circuit judge that the question of whether Rule 504.1, limiting a plaintiff's right to dismiss an action, or § 30, concerning discontinuance of condemnation proceedings, is controlling is subsidiary to a more fundamental question. And that is whether Tremarco's exclusive remedy for its substantive claim is to file an action in the Court of Claims.

If, as Tremarco contends, it has a substantive claim against the State Highway Commission and that claim has been asserted in this action and the circuit court is empowered to adjudicate that claim, then the discontinuance of the commission's efforts to condemn the small triangular parcel ought not to affect the pendency of Tremarco's claim against the commission.

Tremarco contends that the construction of the highway constitutes a taking of its property, including appurtenant easements, within the meaning of Const 1963, art 10, § 2, which provides: "Private property shall not be taken for public use without just compensation therefor being first made or secured in a manner prescribed by law. Compensation shall be determined in proceedings in a court of record". It contends that it is, therefore, entitled to have just compensation made or secured for such taking, sometimes denominated a "constructive taking" or an "inverse condemnation", before the taking occurs. It contends further that the remedy in the Court of Claims recognized for such a taking in *Hill* v. *State Highway Commission* (1969), 382 Mich 398, and *Thom* v. *State Highway Commissioner* (1965), 376 Mich 608, does not adequately enforce its constitutional right to have just compensation

"first made or secured" because, it argues in its brief, the "remedy in the Court of Claims is available only after a cause of action has accrued, *i.e.*, the property is taken".

The commission does not directly controvert Tremarco's contention. Indeed, its argument is somewhat consistent with Tremarco's. The commission takes the position that if and when the highway is substantially completed there may or may not be some damages to Tremarco's property and such damages may or may not be compensable and, if they are, Tremarco will then have "at some time in the future a claim that [the commission's] actions in constructing the proposed highway improvement resulted in a 'constructive taking' under the doctrine" of the *Thom* and *Hill* cases, and that such a claim must be asserted, if at all, in the Court of Claims because, under the statute creating that court, its jurisdiction "over claims and demands against the state or any of its departments, commissions, boards, institutions, arms or agencies, shall be exclusive".[3]

It, thus, appears that the commission is not willing to concede that Tremarco presently has a remedy in the Court of Claims. It would appear, rather, that the commission contends that Tremarco's right to maintain a proceeding in the Court of Claims must await the actual "occurrence" of the constructive taking; we quote from the conclusion of the commission's brief: "[Tremarco] cannot now recover for some anticipated damages or an anticipated constructive taking *before* said damages or constructive taking occur". (Emphasis by the commission.)

While in *Hill* the Supreme Court ruled that a property owner who contends that his property was

---

[3] RJA § 6419 (MCLA § 600.6419 [Stat Ann 1962 Rev § 27A.6419]).

constructively taken based on the establishment *and* construction of an expressway has a remedy by an action in the Court of Claims so that a determination may be made by that court whether a taking has occurred and, if so, the damage, it did not address itself to the contentions advanced by Tremarco in this action that the property owner in such a case is entitled under the Michigan Constitution to have just compensation for a constructive taking made or secured before the actual construction is completed (at least where, as here, the highway to be constructed is laid out and the construction is under way), and that he is entitled to assert that claim in the circuit court because he does not have a remedy or an adequate remedy in the Court of Claims.

Neither of the parties has directed our attention to any authority on the question of whether there is a constitutional right to have compensation made or secured before a constructive taking "occurs" and, if so, whether the Court of Claims has jurisdiction to entertain an action to determine just compensation in such a case. Under the circumstances, and since the factual background has not been developed, we think the correct disposition of this case is to remand it to the circuit court for development of the facts, and for a determination, after briefing by the parties, focused on these questions: (a) whether Tremarco is entitled to be compensated for the alleged constructive taking or inverse condemnation and (b) if the answer is in the affirmative, whether it is entitled to have the compensation made or secured before such taking "occurs", and (c) if both answers are in the affirmative, whether the Court of Claims has jurisdiction to entertain such an action and, if so, whether its jurisdiction is exclusive of the jursdiction of the circuit court.

As previously indicated, if the circuit court is empowered to adjudicate Tremarco's claim, then the State Highway Commission could not unilaterally discontinue this action without the consent of Tremarco or an order of the court and, accordingly, the action is still pending and Tremarco ought to be allowed to amend its response and counterclaim. See GCR 1963, 118.1.

Remanded for further proceedings consistent with this opinion. Costs to abide the event. We do not retain jurisdiction.

All concurred.