## DETROIT CITY COUNCIL v STECHER

Docket Nos. 81675, 81729. Submitted January 8, 1986, at Detroit. Decided June 4, 1986.

The Detroit City Council enacted certain budget proposals for the fiscal year 1983-1984 which were not in conformity with the mayor's recommendations. Defendant, Walter I. Stecher, Budget Director for the City of Detroit, refused to implement the amendments. He also refused the council's request for periodic financial reports. The council and its members individually brought two actions against defendant in the Wayne Circuit Court. In Court of Appeals Docket No. 81675, the court, Harry J. Dingeman, Jr., J., denied plaintiffs' request for a mandamus order requiring defendant to implement the budget amendments, holding that the council was not empowered to enact budget amendments unless they conformed precisely to the mayor's recommendations. Plaintiffs appealed. In Court of Appeals Docket No. 81729, the court, Harry J. Dingeman, Jr., J., issued an order of mandamus directing defendant to provide plaintiffs with periodic financial reports. Defendant appealed. The appeals were consolidated by the Court of Appeals. *Held:*

1. The Uniform Budgeting and Accounting Act authorizes a city council to amend the budget. While it is the mayor's duty to make recommendations, the council is the ultimate legislative body and is not limited to making only those amendments recommended by the mayor.

2. Plaintiffs have standing to sue to implement the budget amendments.

3. A city council may enforce its right to receive periodic financial reports from the city budget director by mandamus.

Affirmed as to Court of Appeals Docket No. 81729. Remanded with instructions as to Court of Appeals Docket No. 81675.

REFERENCES

Am Jur 2d, Mandamus §§ 31 *et seq.*

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions, §§ 579 *et seq.*

Am Jur 2d, Parties §§ 26-30.

See the annotations in the Index to Annotations under Mandamus; Municipal Corporations; Parties.

1. MUNICIPAL CORPORATIONS — BUDGETS — AMENDMENT OF BUDGETS — UNIFORM BUDGETING AND ACCOUNTING ACT.

The Uniform Budgeting and Accounting Act authorizes a city council to amend the budget; while it is the mayor's duty to make recommendations, the council is the ultimate legislative body and is not limited to making only those amendments recommended by the mayor (MCL 141.437; MSA 5.3228[37]).

2. MUNICIPAL CORPORATIONS — BUDGETS — AMENDMENT OF BUDGETS — CITY CHARTERS — HOME-RULE STATUTE.

The home-rule statute provides that no charter provision may conflict with or contravene the provisions of any general law of the state; a city charter may not validly restrict a city council's ability to amend the budget (MCL 117.36; MSA 5.2116).

3. PARTIES — STANDING.

The requirement that a party bringing a suit have standing ensures that only those who have a substantial interest in a dispute will be allowed to come into court to complain; the standing doctrine recognizes that litigation should be conducted only by a party having an interest that will assure sincere and vigorous advocacy.

4. MANDAMUS — ALTERNATIVE REMEDY.

Courts may not permit the use of a writ of mandamus where there is a plain, direct and adequate alternative remedy.

5. MANDAMUS — MOOTNESS.

Mandamus should not issue to compel the doing of a useless thing or where the question is moot and the granting of a writ of mandamus would serve no purpose.

6. MUNICIPAL CORPORATIONS — MANDAMUS — BUDGET DIRECTORS — CITY COUNCILS — FINANCIAL REPORTS — UNIFORM BUDGETING AND ACCOUNTING ACT.

A city council may enforce its right to receive periodic financial reports from the city budget director by mandamus.

*Colista & Urso* (by *Philip Colista* and *Robert W. Palmer*), for plaintiffs.

*Donald Pailen,* Corporation Counsel, and *Honigman, Miller, Schwartz & Cohn* (by *James K. Robinson, Jay E. Brant* and *Lawrence A. Nathanson*), for defendant.

Before: T. M. BURNS, P.J., and BEASLEY and R. M. PAJTAS,* JJ.

PER CURIAM. These consolidated cases involve two disputes between the Detroit City Council (hereinafter referred to as plaintiff) and the Detroit Budget Director. In Docket No. 81675, the circuit court denied plaintiff's request for a mandamus order which would require defendant to implement certain budget amendments enacted by the city council for the 1983-1984 fiscal year. The trial court held that the council was not empowered to enact budget amendments unless such amendments were requested by the mayor and conformed precisely to his proposals. In Docket No. 81729, the circuit court issued an order of mandamus directing the budget director to provide plaintiff with financial reports. The court held that the Uniform Budgeting and Accounting Act (UBAA), MCL 141.421 *et seq.;* MSA 5.3228(21) *et seq.,* entitled the council to periodic financial reports prepared by the budget director. The city council appeals in Docket No. 81675 and the budget director appeals in Docket No. 81729.

We first address whether the trial court properly declined to issue a writ of mandamus regarding the council's budget amendments. A review of the parties' arguments reveals that the underlying issue is whether the budget amendments were valid. We hold that they were.

Section 17 of the UBAA authorized the city council to amend the budget. The relevant portion of that section stated:

Except as otherwise provided in section 19, a deviation from the original general appropriations act shall not be made without amending the gen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

eral appropriations act. The legislative body of the local unit shall amend the general appropriations act as soon as it becomes apparent that a deviation from the original general appropriations act is necessary and the amount of the deviation can be determined. [MCL 141.437; MSA 5.3228(37).]

Contrary to the trial court's conclusions, the council is not limited to making only those amendments which are requested by the mayor. Under § 17, it is the mayor's duty to present "recommendations" to the council. The council remains the ultimate legislative decision-making body and retains the authority to exercise that function.

Moreover, we find that the city charter cannot validly restrict the council's ability to amend the budget. To the extent that the city charter imposes a greater burden on the city council than that required by statute, it is void. The home-rule statute provides that no charter provision shall conflict with or contravene the provisions of any general law of the state. MCL 117.36; MSA 5.2116. See also *Marks v Battle Creek,* 358 Mich 114, 117; 99 NW2d 587 (1959).

We further note that, because the city counsel adopted a budget amendment, the transfer provisions of the city charter and the UBAA are inapplicable.

Defendant argues that the method of amendment was inappropriate. This argument is meritless. Defendant ignores the distinction between resolutions and ordinances. See *Detroit v Detroit United Railway,* 215 Mich 401, 410-411; 184 NW 516 (1921). Because a budget amendment is adopted by resolution, the amendments were properly adopted under the city charter. See Home Rule Charter, City of Detroit, § 4-113 (stating that acts other than those listed may be done by resolu-

tion). Thus, § 6-114, which defendant relies upon, is not applicable. Section 8-208 of the city charter specifies the general procedures for budgetary amendment and adoption. In this case, the amending resolution was adopted by plaintiff on November 23, 1983. The mayor did not respond until December 5, 1983. Two days later, on December 7, 1983, the city council unanimously affirmed its November 23, 1983, resolution. Thus, plaintiff complied with the charter provisions and duly enacted the budget amendment. Defendant's failure to implement the budget amendments was a breach of his accepted duty as a member of the executive branch to carry out duly enacted laws of the legislature and a breach of his duty under Chapters 1 and 3 of the city charter.

Defendant also contends that plaintiff lacks standing in this case. We disagree. The requirement that a party bringing a suit have standing is used to ensure that only those who have a substantial interest in a dispute will be allowed to come into court to complain. *Saginaw Public Libraries Bd of Library Comm'rs v Judges of the 70th District Court,* 118 Mich App 379, 385; 325 NW2d 777 (1982), lv den 417 Mich 974 (1983). The standing doctrine recognizes that litigation should be conducted only by a party having an interest that will assure sincere and vigorous advocacy. *Id.* The threshold question is whether plaintiff has an interest in the outcome of the litigation sufficient to invoke the controversy resolving powers of the judiciary. *Id.* The UBAA specifically requires plaintiff to take action when necessary and authorizes the city council to require financial reports from the executive branch. The city council is one of only two parties who are directly involved in the budget process. As a legislative body, it obviously has an interest in making sure that the executive

officers recognize the validity of its enactments. We conclude that plaintiff has a sufficient interest in the outcome of the litigation to assure a vigorous and sincere advocacy of the merits. Such an interest establishes the requisite standing.

However, even though plaintiff has the requisite standing, on the basis of the record before us we are not convinced that plaintiff is entitled to the requested relief. While the case is technically not moot because it presents issues which are capable of repetition and which would evade review, because the 1983-1984 fiscal year has long passed, there is some question as to whether the budget amendments may any longer be implemented. We can only assume that the appropriated funds have been spent and that the writ of mandamus requested by plaintiff would be of no practical effect. Mandamus is an extraordinary remedy. *Clarke v Hill,* 132 Mich 434; 93 NW 1044 (1903); *Khan v Jackson Prison Warden,* 128 Mich App 224, 226; 340 NW2d 77 (1983). When there is a plain, direct and adequate alternative remedy, courts will not permit the use of a writ of mandamus. *Coffin v Detroit Bd of Ed,* 114 Mich 342; 72 NW 156 (1897). Mandamus is inappropriate where there is another adequate remedy in law or in equity. *Clarke v Hill, supra; Coates v Attorney General,* 120 Mich App 816, 820-821; 328 NW2d 113 (1982), lv den 418 Mich 856 (1983). Mandamus will not issue to compel the doing of a vain and useless thing. *Quandt v Schwass,* 286 Mich 433, 438; 282 NW 206 (1938). If a question is moot and the granting of a writ of mandamus would serve no purpose, then mandamus should be denied. *State Highway Comm'r v Ottawa Circuit Judge,* 339 Mich 390, 395; 63 NW2d 677 (1954). We therefore remand to the trial court for a determination of whether any action is now necessary.

We note that the UBAA does not provide an adequate alternative remedy in this case. Section 20 of the act, MCL 141.440; MSA 5.3228(40), does not provide any alternative remedy. Section 17 of the act does not explicitly impose a duty of implementation on the fiscal officer of a city. The fiscal officer's duties to implement charter amendments are derived by implication from the nature of his office and from the duties imposed by the city charter. Section 20 of the act merely indicates that the attorney general may initiate appropriate action in situations which usually arise when an official violates the act by misappropriation or unauthorized diversion of funds. In such situations the attorney general is authorized to initiate appropriate action and seek appropriate relief. No misappropriation is alleged in this case. The present action concerns only defendant's duty to implement charter amendments. Defendant has pointed to no relief which would be more appropriate for plaintiff under these circumstances.

The second main issue in this appeal is raised by defendant. Defendant argues that the trial court erred by granting an order of mandamus instructing defendant to provide the council with periodic financial reports. Defendant's argument is meritless.

The relevant part of § 17 of the UBAA provides:

> The legislative body may require that the chief administrative officer or fiscal officer provide it with periodic reports on the financial condition of the local unit. [MCL 141.437; MSA 5.3228(37).]

Plaintiff's complaint requested an order of mandamus requiring the city budget director to provide periodic financial reports and the trial court so ordered. We find no error.

As discussed earlier, plaintiff had standing to raise this issue. The UBAA specifically authorizes the city council to require financial reports from the executive branch. The city council is clearly the party which would benefit from receipt of these financial reports.

Defendant contends that mandamus is inappropriate because the information sought by plaintiff was available in substantial measure through computer generated reports. Defendant has presented an affidavit which indicates that the additional information required can be extracted from those reports. We find, however, that the statute is clear; plaintiff is not required to generate its own reports. Section 17 of the UBAA clearly gives plaintiff a right to fully prepared financial reports. We find that the generation of financial reports as opposed to decisions regarding content is not a discretionary act. The reports are standardized and the form is specified by the state treasurer under § 4 of the UBAA, MCL 141.424; MSA 5.3228(24). The trial court correctly ordered the budget director to provide plaintiff periodic financial reports as required by the act.

Issuance of the writ of mandamus is affirmed. However, the case is remanded to the trial court for a determination of whether the second writ is appropriate. We retain no jurisdiction.