LIM v DEPARTMENT OF TRANSPORTATION

Docket No. 87321. Submitted February 11, 1987, at Detroit. Decided April 18, 1988.

Sinwoong Lim brought an inverse condemnation action in the Wayne Circuit Court against the Michigan Department of Transportation. Plaintiff alleged that certain actions by the defendant resulted in a de facto taking of his property without just compensation. Defendant moved for summary disposition alleging lack of subject matter jurisdiction. The trial court, Claudia Morcom, J., issued an order denying defendant's motion. Defendant appealed by leave granted.

The Court of Appeals *held:*

An inverse condemnation action is a claim ex contractu. No statute expressly confers upon the circuit court jurisdiction to adjudicate claims of inverse condemnation. The Court of Claims is the exclusive forum to adjudicate such claims. The Uniform Condemnation Procedures Act only governs actions initiated by an agency to acquire property on the filing of a proper complaint and after the agency has made a good-faith written offer to purchase the property. The UCPA has no application to inverse condemnation actions initiated by aggrieved property owners.

Reversed.

1. COURTS — COURT OF CLAIMS — JURISDICTION.

The Court of Claims is a court of legislative creation, having explicit and limited statutory powers; the court has exclusive jurisdiction to entertain claims ex delicto and ex contractu against the state and its departments (MCL 600.6419[1]; MSA 27A.6419[1]).

REFERENCES

Am Jur 2d, Courts §§ 87-97, 103, 151.

Am Jur 2d, Eminent Domain §§ 375-380, 478-484, 501-504.

Supreme Court's views as to what constitutes "taking," within meaning of Fifth Amendment's prohibitions against taking of private property for public use without just compensation. 89 L Ed 2d 977.

Eminent domain: deduction of benefits in determining compensation or damages in proceedings involving opening, widening, or otherwise altering highway. 13 ALR3d 1149.

2. Courts — Court of Claims — Circuit Courts — Jurisdiction.

   The legislative grant to the Court of Claims of exclusive jurisdiction to entertain claims ex delicto and ex contractu against the state and its departments does not divest a circuit court of jurisdiction over actions against state departments based on statutes which expressly confer jurisdiction thereof upon the circuit court (MCL 600.6419[1] and [4]; MSA 27A.6419[1] and [4]).

3. Courts — Court of Claims — Jurisdiction — Inverse Condemnation.

   The Court of Claims is the proper forum in which to seek redress where a plaintiff alleges an already accomplished inverse condemnation by the state.

4. Eminent Domain — Inverse Condemnation — Court of Claims.

   An inverse condemnation action is a claim ex contractu; the Court of Claims is the exclusive forum to adjudicate such claims.

5. Eminent Domain — Uniform Condemnation Procedures Act.

   The Uniform Condemnation Procedures Act governs actions initiated by an agency to acquire property through condemnation; the act has no application to inverse condemnation actions initiated by aggrieved property owners (MCL 213.51 et seq.; MSA 8.265[1] et seq.).

*Mason, Steinhardt & Jacobs, P.C.* (by *Walter B. Mason, Jr., Frederick D. Steinhardt, Jerome P. Pesick* and *Paul Owen Ashba*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Patrick F. Isom, Ronald F. Rose, John M. Roche* and *Thomas P. Scallen,* Assistant Attorneys General, for defendant.

Before: Shepherd, P.J., and Gribbs and R. R. Lamb,* JJ.

R. R. Lamb, J. The Michigan Department of Transportation appeals by leave granted from a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

circuit court order denying its motion for summary disposition brought pursuant to MCR 2.116(C)(4), lack of subject matter jurisdiction. We reverse.

On March 22, 1985, plaintiff brought an inverse condemnation action against the department in the Wayne Circuit Court under the Uniform Condemnation Procedures Act (UCPA), MCL 213.51 *et seq.*; MSA 8.265(1) *et seq.* In his complaint, plaintiff alleged that he owned a gasoline service station located on Ford Road in Westland. He further alleged that his western driveway, which provides access to the sole pump island of his station, was relocated as part of a road-widening project undertaken by defendant on Ford Road. According to plaintiff, defendant's relocation of his driveway "substantially and materially" impaired his right of ingress and egress so as to amount to a taking of his right of access. Because defendant refused to offer just compensation for this taking, plaintiff alleged that defendant's actions and omissions resulted in a de facto taking of his property without just compensation.

Subsequent to the filing of plaintiff's complaint, defendant brought a motion for summary disposition, seeking the dismissal of plaintiff's complaint on the ground that the circuit court lacked subject matter jurisdiction because the Court of Claims had exclusive jurisdiction over plaintiff's claim. The trial court denied defendant's motion.

The sole issue before this Court for resolution is whether a circuit court has jurisdiction to adjudicate an inverse condemnation claim brought pursuant to the UCPA.

The Court of Claims is a court of legislative creation. Its statutory powers are explicit and limited. *Feliciano v Dep't of Natural Resources,* 97 Mich App 101, 109; 293 NW2d 732 (1980). The

Court of Claims has exclusive jurisdiction to entertain claims ex delicto and ex contractu against the state and its departments. MCL 600.6419(1); MSA 27A.6419(1). However, this legislative grant of exclusive jurisdiction does not divest the circuit court of jurisdiction over actions against state departments based on statutes which expressly confer jurisdiction thereof upon the circuit court. MCL 600.6419(4); MSA 27A.6419(4).

The Court of Claims is the proper forum in which to seek redress where a plaintiff alleges an already accomplished inverse condemnation by the State of Michigan. *Hill v State Highway Comm,* 382 Mich 398; 170 NW2d 18 (1969); *Biff's Grills, Inc v State Highway Comm,* 75 Mich App 154, 158; 254 NW2d 824 (1977), lv den 401 Mich 827 (1977). The Michigan Constitution provides that private property shall not be taken for public use without just compensation. Const 1963, art 10, § 2. When private property is either taken or damaged for public purposes, this constitutional provision serves as a guarantee to the landowner that he shall have just compensation for the taking or damage. The sovereign, then, takes or injures the property with the knowledge of this guarantee and must be held to an implied agreement to abide by its terms. It is, in a sense, a constitutional contract made for the benefit of private property owners. It imposes upon the state an implied liability ex contractu for such compensation. See *Thom v State Highway Comm'r,* 376 Mich 608, 628-629, 634-638; 138 NW2d 322 (1965) (SOURIS, J., BLACK, J.); *Hunter v Mobile,* 244 Ala 318; 13 So 2d 656 (1943); *State Highway Comm v Bullard,* 208 Kan 558; 493 P2d 196 (1972); *Public Service Comm v Highfield Water Co,* 293 Md 1; 441 A2d 1031 (Md App, 1982).

We, therefore, hold that an inverse condemna-

tion action is a claim ex contractu. Moreover, because our research has failed to reveal any statute expressly conferring upon the circuit court jurisdiction to adjudicate claims of inverse condemnation, we further hold that the Court of Claims is the exclusive forum to adjudicate such claims.

Plaintiff argues that in enacting the UCPA the Legislature expressly conferred jurisdiction upon the circuit court to hear claims of inverse condemnation initiated by aggrieved property owners. Plaintiff is mistaken. The UCPA has no application to inverse condemnation actions initiated by aggrieved property owners. Instead, the UCPA only governs actions initiated *by an agency* to acquire property on the filing of a proper complaint and after the agency has made a good-faith written offer to purchase the property. MCL 213.55; MSA 8.265(5). The agency must be authorized by law to condemn property. MCL 213.51(g) and (i); MSA 8.265(1)(g) and (i).

Finally, plaintiff argues that the right to just compensation is constitutional and not contractual or tortious in nature and, therefore, because the claim is grounded in the constitution it should be adjudicated in a court created by the constitution and not one created by the Legislature. We find plaintiff's argument to be without merit. *Thom, supra; Hunter, supra.*

Accordingly, the decision of the circuit court is reversed. Its order is vacated.