McHONE v SOSNOWSKI

Docket No. 209672. Submitted June 9, 1999, at Detroit. Decided February 15, 2000, at 9:00 A.M.

Daniel W. McHone brought a paternity action in the Oakland Circuit Court against Carol A. Sosnowski and David A. Sosnowski, seeking an order of filiation recognizing his paternity of Joshua Sosnowski, who was conceived and born to Carol A. Sosnowski while she was married to David A. Sosnowski. The plaintiff's complaint was not preceded by a determination in the circuit court that the child was not the issue of the defendants' marriage. The court, Joan E. Young, J., granted summary disposition for the defendants, ruling that the plaintiff lacked standing to bring the action. The plaintiff appealed.

The Court of Appeals *held*:

Standing to pursue relief under the Paternity Act is conferred on the mother of a child born out of wedlock, the father of a child born out of wedlock, or the Family Independence Agency on behalf of a child born out of wedlock who is being supported by public assistance. MCL 722.714(1), (8); MSA 25.494(1), (8). A child is considered to be born out of wedlock if the mother was unmarried from the child's conception to its birth, or if the child is one that, before the filing of the complaint in the paternity action, a circuit court has determined to be a child born or conceived during a marriage but not the issue of that marriage. MCL 722.711(a); MSA 25.491(a). The plaintiff is this case lacks standing in the absence of a prior circuit court determination that the child was not the issue of the defendants' marriage.

Affirmed.

PARENT AND CHILD — PATERNITY ACTIONS — CHILDREN BORN OUT OF WEDLOCK — PUTATIVE FATHERS — STANDING.

The putative father of a child born to a mother who was married to a man other than the putative father when the child was born or conceived does not have standing to bring an action under the Paternity Act for an order of filiation if before the filing of the complaint in the paternity action there has been no circuit court determination that the child is not the issue of the marriage (MCL 722.711[a], 722.714[1]; MSA 25.491[a], 25.494[1]).

*Wendy R. Lampert,* for Daniel W. McHone.

*Cathy A. Greenberg,* for Carol A. Sosnowski.

*Raymond J. Salloum,* for David A. Sosnowski.

Before: KELLY, P.J., and JANSEN and WHITE, JJ.

KELLY, P.J. Plaintiff Daniel W. McHone appeals as of right the trial court's opinion and order dated January 26, 1998, granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(5) and (C)(8). Plaintiff filed this paternity action seeking an order of filiation recognizing his paternity of Joshua Sosnowski, a child born to defendant Carol A. Sosnowski during her marriage to defendant David A. Sosnowski. We affirm.

The facts of this case are largely undisputed. In its January 26, 1998, opinion the trial court set forth the pertinent facts as follows:

> This is a paternity case in which plaintiff claims to be the biological father of Joshua Sosnowski. Defendants were married in 1981. Three children were born during the marriage. Joshua, the youngest, was born on October 4, 1996. Defendants divorced in August, 1997. The judgment specifically addressed custody, support, and visitation of all three children. . . .
>
> It is undisputed that Defendant, Carol Sosnowski, engaged in an extramarital affair with the Plaintiff resulting in the birth of Joshua. At the time of Joshua's birth, she was still married to the co-defendant, David Sosnowski. Plaintiff has provided an affidavit, pictures of Joshua and him, and letters written by Mrs. Sosnowski acknowledging that Plaintiff is Joshua's father. Defendants do not counter this evidence, but rely solely on the existence of their marriage and Judgment of Divorce to support their motions for summary disposition. Plaintiff argues that Mrs. Sosnowski has committed a fraud on the court in failing to disclose that he is

the father of Joshua when obtaining her divorce, and that he should be permitted to establish paternity by virtue of his established relationship with the child.

This Court affords review de novo to a trial court's decision regarding a motion for summary disposition. *Spikes v Banks*, 231 Mich App 341, 345-346; 586 NW2d 106 (1998). In this case, the trial court granted summary disposition under MCR 2.116(C)(5) and (C)(8) on the basis that plaintiff neither pleaded nor provided evidentiary support for facts that, if true, would provide him with standing to bring a paternity action. Review of a determination regarding a motion under MCR 2.116(C)(5), which asserts a party's lack of capacity to sue, requires consideration of "the pleadings, depositions, admissions, affidavits, and other documentary evidence submitted by the parties." *Wortelboer v Benzie Co*, 212 Mich App 208, 213; 537 NW2d 603 (1995). By comparison, a motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim as pleaded. All factual allegations and reasonable inferences supporting the claim are taken as true. "The motion should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery." *Kuhn v Secretary of State*, 228 Mich App 319, 324; 579 NW2d 101 (1998). Consequently, this Court's review de novo of the instant question requires drawing all inferences in the light most favorable to plaintiff, and then determining if plaintiff either pleaded or established facts that would give him standing to sue.

Defendants contended that plaintiff lacked standing to pursue the issue of paternity because Joshua was born to a married woman and there had not been a

prior judicial determination that he was not the issue of that marriage. Moreover, argued defendants, the judgment of divorce settled the issue of Joshua's paternity and the doctrine of res judicata, as well as the "equitable parent doctrine," precluded plaintiff from asserting his paternity of Joshua. Plaintiff argued that his paternity of Joshua was understood by the parties and that they had agreed that plaintiff could spend Thursdays with the child. Further, plaintiff argued that his established relationship to his biological son is a recognized liberty interest that may not be taken away without due process of law. The trial court concluded that plaintiff had not satisfied the stringent requirements of the Paternity Act, MCL 722.711 *et seq.*;   MSA 25.491 *et seq.*,   to establish standing. Thus, the trial court granted defendants' motion for summary disposition.

On appeal, plaintiff claims the trial court erred in determining that he lacked standing to pursue an order of filiation. Specifically, plaintiff claims the Paternity Act's stringent standing requirements deprived him of a recognized liberty interest without the benefit of due process. We disagree. Standing to pursue relief under the Paternity Act is conferred on (1) the mother of a child born out of wedlock, (2) the father of a child born out of wedlock, or (3) the Family Independence Agency on behalf of a child born out of wedlock who is being supported in whole or in part by public assistance. MCL 722.714(1), (8); MSA 25.494(1), (8). A child is considered to be born out of wedlock if the mother was unmarried from the child's conception to its birth, or if the child is one that "the court has determined to be a child born or conceived

during a marriage but not the issue of that marriage." MCL 722.711(a); MSA 25.491(a).

The Supreme Court has interpreted this language to mean that there must be a prior circuit court "determination that the child was not the issue of the *marriage at the time of filing the complaint.*" *Girard v Wagenmaker,* 437 Mich 231, 242-243; 470 NW2d 372 (1991) (emphasis in original). Where a putative father "cannot meet the requirements under either the first or second clause in the definition of a child born out of wedlock . . . he cannot file a proper complaint and has no standing to bring a claim under the Paternity Act." *Id.* at 243. This Court has consistently applied the Supreme Court's interpretation of the standing requirement under the Paternity Act. See *Opland v Kiesgan,* 234 Mich App 352, 356; 594 NW2d 505 (1999); *Hauser v Reilly,* 212 Mich App 184, 190-191; 536 NW2d 865 (1995); *Spielmaker v Lee,* 205 Mich App 51, 59-60; 517 NW2d 558 (1994). However, plaintiff requests that this Court follow its reasoning in *Hauser, supra,* inasmuch as under the present facts, plaintiff would have a recognized liberty interest as Joshua's father and that such a claim must be afforded appropriate due process.

In *Hauser,* the plaintiff argued that the Paternity Act, by precluding him from obtaining standing, deprived him of his right to due process. *Hauser, supra* at 187. This Court adopted Justice Brennan's dissenting view in *Michael H v Gerald D,* 491 US 110, 142-143; 109 S Ct 2333; 105 L Ed 2d 91 (1989), inasmuch as this Court held that a putative father's liberty interest derives "from the father's biological link with his child, combined with a substantial parent-child

relationship."[1] *Hauser, supra* at 187-188. This Court went on to find that because the plaintiff did not have an established relationship with his child, he was not denied his right to due process. *Id.* at 188-189. In fact, this Court noted that the plaintiff had "never had legal custody of the child and has never shouldered any responsibility with respect to the daily supervision, education, protection, or care of the child." *Id.* at 190. Thus, while in the instant case plaintiff has established some degree of parenting relationship with Joshua, we decline to apply the reasoning in *Hauser* to this case. Further, since the Court in *Hauser* found no parenting relationship of any kind to exist between the plaintiff and the child, an analysis of a liberty interest based on a substantial parent-child relationship was not essential to the outcome of the case. " '[S]tatements concerning a principle of law not essential to [a] determination of the case are obiter dictum and lack the force of an adjudication.' " *Gallagher v Keefe*, 232 Mich App 363, 374; 591 NW2d 297 (1998), quoting *Roberts v Auto-Owners Ins Co*, 422 Mich 594, 597-598; 374 NW2d 905 (1985). As such, we are not persuaded by plaintiff's request that this panel adopt this Court's prior decision in *Hauser* concerning a putative father's liberty interest in the parenting of his child. We leave such a determination for our Supreme Court to address. The barrier provided by

---

[1] In his dissent, Justice Brennan defined a substantial parent-child relationship as, "[w]hen an unwed father demonstrates a full commitment to the responsibilities of parenthood by 'com[ing] forward to participate in the rearing of his child.' " *Michael H, supra* at 143, quoting *Lehr v Robertson*, 463 US 248, 261; 103 S Ct 2985; 77 L Ed 2d 614 (1983), and *Caban v Mohammed*, 441 US 380, 392; 99 S Ct 1760; 60 L Ed 2d 297 (1979).

the Supreme Court in *Girard, supra,* cannot be hurdled in this Court.[2]

Therefore, pursuant to the Supreme Court's decision in *Girard,* we find plaintiff did not have standing to pursue an order of filiation in this case. We decline to address plaintiff's remaining claim on appeal.

Affirmed.

WHITE, J., I concur in the result only.

---

[2] Although there now exists a specific determination in the Oakland Circuit Court provided by that court's opinion of January 26, 1998 (filed January 28, 1998) that the child in question is plaintiff's:

> It is undisputed that Defendant, Carol Sosnowski, engaged in an extramarital affair with the Plaintiff resulting in the birth of Joshua. At the time of Joshua's birth, she was still married to the co-defendant, David Sosnowski. Plaintiff has provided an affidavit, pictures of Joshua and him, and letters written by Mrs. Sosnowski acknowledging that Plaintiff was Joshua's father. Defendants do not counter this evidence . . . .

The conundrum presented is obvious: the determination is the result of the filing of plaintiff's action, not the necessary prerequisite. Hopefully the Supreme Court will permit an exception to *Girard* under the circumstances of this case so that the traditional equitable jurisdiction of the circuit court can be made available to provide the forum for plaintiff to vindicate his liberty interest derived "from the father's biological link with his child, combined with a substantial parent-child relationship." *Hauser, supra* at 187.