# STATE OF MICHIGAN

# COURT OF APPEALS

JAMAL HAMOOD,

        Plaintiff-Appellant,

v

COMERICA BANK and JPMORGAN CHASE
BANK, NA,

        Defendants-Appellees.

UNPUBLISHED
January 12, 2016

No. 322833
Oakland Circuit Court
LC No. 2014-139666-CH

Before: SHAPIRO, P.J., and O'CONNELL and GLEICHER, JJ.

PER CURIAM.

Plaintiff, Jamal Hamood, appeals as of right the trial court's order granting summary disposition to defendants, Comerica Bank (Comerica) and JP Morgan Chase Bank, NA (Chase), under MCR 2.116(C)(5) (no standing), (C)(8) (failure to state a claim), and (C)(10) (no genuine issue of material fact). We affirm.

## I. BACKGROUND FACTS

In 1992, Hamood entered into a $228,800 mortgage agreement with Comerica Mortgage Corporation[1], which Chase serviced. The loan was modified in 1997. When Hamood failed to make his regular monthly payment in April 2009, Chase sent him a "right to cure" notice, and Hamood began a loan modification process. Hamood alleges that Chase advised him that it had "drawn up a proposed loan modification" that needed to be approved by Comerica. According to Hamood, Chase erroneously foreclosed on the property, but it subsequently rescinded the sheriff's deed, and the parties continued to work toward loan modification.

On September 22, 2010, Chase informed Hamood by letter that he did "not qualify for a modification through the Making Home Affordable (MHA) modification program," but he might be eligible for other modification programs. However, in a November 3, 2011 letter, Chase informed Hamood that he was not eligible for a loan modification under any other modification programs. On May 2, 2012, Chase initiated foreclosure by advertisement. On January 14, 2013,

---

[1] Comerica Mortgage Corporation has since merged into Comerica.

and July 11, 2013, Chase notified Hamood that he was not eligible for a modification under the Home Affordable Modification Program (HAMP) or any other modification program. Comerica foreclosed on the property, and a sheriff's deed was issued on September 24, 2013.

On March 21, 2014, Hamood filed his complaint in this action, asking the trial court to set aside the sheriff's deed. Hamood asserted that Chase never informed him whether his modification request was approved or denied. Hamood asserted that Comerica erroneously foreclosed on his property even though he qualified for loan modification. The banks moved for summary disposition under MCR 2.116(C)(5), (C)(8), and (C)(10), primarily asserting that Hamood lacked standing to sue because the redemption period on the property had expired. Following a hearing, the trial court granted the banks' motion.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). MCR 2.116(C)(5) provides that a party may move for summary disposition if the plaintiff lacks the capacity to sue. When deciding a motion under MCR 2.116(C)(5), the trial court may consider the pleadings, depositions, admissions, affidavits, and other documentary evidence. *McHone v Sosnowski*, 239 Mich App 674, 676; 609 NW2d 844 (2000). We review de novo questions of law. *In re Receivership*, 492 Mich 208, 218; 821 NW2d 503 (2012).

## III. ANALYSIS

Hamood contends that the trial court erred by granting summary disposition because he still had an interest in the property and did not lack standing to sue. Specifically, Hamood contends that the banks' failure to inform him that he was denied a loan modification was an irregularity in the proceedings that tolled the redemption period. We disagree.

"[A]fter a sheriff's sale is completed, a mortgager may redeem the property by paying the requisite amount within the prescribed time limit. . . ." *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014). But if the mortgagor does not redeem the property, the mortgagor's rights to the property are extinguished. *Id.* Filing an action does not generally toll the redemption period. *Bryan*, 304 Mich App at 714. The trial court may only equitably extend the redemption period if the plaintiff makes a clear showing of fraud or irregularity. *Id.* Also see *Schulthies v Barron*, 16 Mich App 246, 247-248; 167 NW2d 784 (1969).

In this case, the sheriff's deed was issued September 24, 2013. The statutory redemption period is six months. See MCL 600.3240(8). Hamood filed his complaint on March 21, 2014, three days before expiration of the redemption period. Hamood contended that there was an irregularity in the foreclosure proceedings because Chase had not informed him that he was ineligible for loan modification. However, all the documentary evidence in this case indicated that Chase informed Hamood that he was ineligible for modification not only once, but three times. There was no contrary evidence, only Hamood's assertion that the banks did not inform him. We conclude that the trial court properly rejected Hamood's argument that it should toll the redemption period because of an irregularity in the proceedings. Accordingly, the trial court

properly concluded that Hamood lacked standing to sue because he no longer had any right to or interest in the property and properly granted summary disposition under MCR 2.116(C)(5).

We affirm.

/s/ Douglas B. Shapiro
/s/ Peter D. O'Connell
/s/ Elizabeth L. Gleicher