*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MACOMB COUNTY RESTAURANT, BAR, AND
BANQUET ASSOCIATION,

       Plaintiff-Appellant,

v

DIRECTOR OF THE DEPARTMENT OF HEALTH
AND HUMAN SERVICES, CHAIR OF THE
LIQUOR CONTROL COMMISSION, and
GOVERNOR,

       Defendants-Appellees.

UNPUBLISHED
October 13, 2022

No. 357415
Court of Claims
LC No. 21-000033-MZ

Before: LETICA, P.J., and SERVITTO and HOOD, JJ.

PER CURIAM.

Plaintiff, Macomb County Restaurant, Bar, and Banquet Association, appeals as of right the order of the Court of Claims granting summary disposition to defendants, the Director of the Department of Health and Human Services (DHHS), the Chair of the Liquor Control Commission, and the Governor, under MCR 2.116(C)(5). We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff is a non-profit corporation and trade association representing unidentified food-service establishments in Macomb County. It filed a complaint in the Macomb County Circuit Court (circuit court) purportedly on behalf of its members, alleging regulatory taking, tortious interference with a contract, and tortious interference with a business relationship. Plaintiff's claims were premised on defendants' issuance of orders that affected food-service establishments during the COVID-19 pandemic. These orders reduced indoor dining capacity or closed in-person food service entirely, which plaintiff alleged caused lost profits to its members. It further asserted that these orders constituted a regulatory taking for which defendants had not paid just compensation under the Takings Clause of Article 10, § 2 of Michigan's 1963 Constitution. Plaintiff sought monetary damages on behalf of its members.

Defendants transferred the case from the circuit court to the Court of Claims because all claims were brought against acting state officials, MCL 600.6404(3). Plaintiff filed an emergency motion to return the case to the circuit court, citing its request for only monetary damages, not equitable or declaratory relief. It further asserted that the transfer to the Court of Claims had been improper because an exception to that court's exclusive jurisdiction existed when a party was entitled to a jury trial. Plaintiff submitted that it was entitled to a jury trial related to just compensation concerning its regulatory-takings claims and that its right to a jury trial had a constitutional basis. The Court of Claims ultimately denied plaintiff's emergency motion to transfer the action back to the circuit court, concluding that plaintiff did not have a right to a jury trial for the claims it had pleaded.[1]

Defendants sought summary disposition under MCR 2.116(C)(5) for lack of standing.[2] The motion alleged that restrictions on indoor dining did not apply to plaintiff as an association, and plaintiff had not sought declaratory relief on behalf of its unnamed members. Defendants contended that plaintiff could not recover monetary damages that belonged to unidentified restaurants, bars, and banquet halls. In addition, defendants submitted that plaintiff did not establish special injury to itself as an association. Consequently, summary disposition was appropriate in favor of defendants because plaintiff failed to raise a claim premised on its own legal rights and interests, but sought relief by claiming the rights or interests of third parties.

Plaintiff opposed the dispositive motion, asserting that it had standing to advocate on behalf of its members' interests. It claimed that plaintiff's members were all food-service establishments that had been deprived of their property by defendants and did not merely raise abstract concepts. Plaintiff alleged that it would be harmed if unable to proceed because it would "cease to exist or . . . be severely diminished" if its members' property continued to be taken without just compensation. Plaintiff asserted that the type of claims raised and the chosen remedy pursued did not preclude it from acquiring standing. Rather, plaintiff's pursuit of the claims as an association ensured that over 100 food-service establishments did not have to file individual complaints, and plaintiff could submit the damages for each individual member.

The Court of Claims granted summary disposition under MCR 2.116(C)(5), by concluding that plaintiff "lacke[ed] standing to sue for monetary damages on behalf of third parties." It was noted that a plaintiff generally could not rely on the claims of third parties although an organization had standing to advocate for the interests of its members. However, the question was not whether plaintiff could advocate for its members, but whether it had standing "to pursue monetary damages on behalf of its individual members."

---

[1] The Court of Claims order denying the transfer back to the circuit court contained no substantive analysis or citation to legal authority. Plaintiff moved for reconsideration, contending that the court was misled concerning the availability of a jury trial in inverse-condemnation cases particularly in light of statutory authority. There is no indication in the lower court record that the Court of Claims ruled on the reconsideration motion.

[2] Defendant also moved for summary disposition premised on MCR 2.116(C)(7) and (8), but the Court of Claims did not rule on those grounds. Therefore, we do not address them.

The Court of Claims stated, in pertinent part:

> [T]he idea that an association lacks standing to pursue a claim for monetary damages on behalf of its members is compelling. That is, while an organization or association can seek declaratory or injunctive relief on behalf of its members, the ability to seek monetary damages on behalf of individual members for particularized harm allegedly suffered by those individual members is of a different character. Any claim for monetary damages belongs to the individual members of the association, and plaintiff cannot assert rights belonging to others. See *Barclae* [*v Zarb*, 300 Mich App 455, 483; 834 NW2d 100 (2013)]. Such claims will necessarily require unique and individualized proofs regarding the nature and extent of the alleged injuries, and plaintiff has not directed the Court to any authority that would allow it to pursue these individualized claims for money damages on behalf of the association's members. Nor has plaintiff given the Court authority for the idea that it would be appropriate to order an award of money damages—assuming for purposes of discussion only that such an award would be warranted—to an association as opposed to the member institutions themselves. Furthermore, plaintiff's counsel conceded at oral argument that there was no assignment of any of the members' interests to plaintiff so as to allow plaintiff to pursue this action on behalf of those members. "The purpose of the standing doctrine in Michigan has always been to ensure sincere and vigorous advocacy." *Lansing Schs Ed Ass'n* [*v Lansing Bd of Ed*, 487 Mich 349, 355; 792 NW2d 686 (2010)] (citation and quotation marks omitted). "Thus, the standing inquiry focuses on whether a litigant is a proper party to request adjudication of a particular issue and not whether the issue itself is justiciable." *Id.* (citation and quotation marks omitted). Here, plaintiff is simply not the proper party to request monetary damages on behalf of its member institutions for unique and individualized losses purportedly sustained by those institutions. As a result the Court agrees with defendants that plaintiff lacks the requisite interest to pursue an award of damages on behalf of its members and that plaintiff's action must be dismissed for lack of standing. [Footnote omitted.]

Accordingly, the Court of Claims concluded that plaintiff was not the proper party to request monetary damages.[3] From this decision, plaintiff appeals.

## II. JURISDICTION

Plaintiff first contends that the Court of Claims lacked jurisdiction to consider its claim, which should have been transferred back to the Macomb County Circuit Court, because plaintiff was entitled to a jury trial to address the request for compensation under the Takings Clause. We

---

[3] Plaintiff moved to expand the record to include a document assigning the rights of Mount Clemens Recreation Bowl, Inc. to plaintiff. This document was not available to the Court of Claims at the time it rendered its decision. We denied plaintiff's motion to expand the record to include it. *Macomb Co Restaurant Bar & Banquet Ass'n v DHHS Dir*, unpublished order of the Court of Appeals, entered August 20, 2021 (Docket No. 357415).

disagree and conclude that the Court of Claims properly decided that plaintiff was not entitled to a jury trial on its claims.

A decision of the Court of Claims to transfer a case back to the circuit court implicates the court's inherent power to control its own docket, and this Court reviews the decision for an abuse of discretion. *Baynesan v Wayne State Univ*, 316 Mich App 643, 651; 894 NW2d 102 (2016). The court abuses its discretion when its decision falls outside the range of principled outcomes. *Id*. But this Court reviews unpreserved issues for plain error affecting the party's substantial rights. *Whitmer v Bd of State Canvassers*, 337 Mich App 396, 412; ___ NW2d ___ (2021). An error is plain if it is clear or obvious, and it affects substantial rights if it affected the outcome of the lower court proceedings. *Duray Dev, LLC v Perrin*, 288 Mich App 143, 150; 792 NW2d 749 (2010).[4]

Plaintiff's arguments that the Court of Claims lacked subject-matter jurisdiction arise from the assertion that it has a right to a jury trial, whether statutorily or constitutionally, on its claim for just compensation. Courts must consider issues of subject-matter jurisdiction at any time. *Bowie v Arder*, 441 Mich 23, 56; 490 NW2d 568 (1992). "When a court lacks subject[-]matter jurisdiction to hear and determine a claim, any action it takes, other than to dismiss the action, is void." *Id*.

Generally, the state and its subdivisions may not be sued without consent, and the Legislature may place conditions or limitations on such suits. *Elia Cos, LLC v Univ of Mich Regents*, 335 Mich App 439, 447; 966 NW2d 755 (2021). "The Court of Claims is created by statute and the scope of its subject-matter jurisdiction is explicit." *Dunbar v Dep't of Mental Health*, 197 Mich App 1, 5; 495 NW2d 152 (1992), citing *Lim v Dep't of Transp*, 167 Mich App 753; 423 NW2d 343 (1988). The Court of Claims has jurisdiction "[t]o hear and determine any claim or demand . . . for monetary, equitable, or declaratory relief . . . against the state or any of its departments or officers notwithstanding another law that confers jurisdiction of the case in the circuit court." MCL 600.6419(1)(a).

If a matter is transferred to the Court of Claims, that court has exclusive jurisdiction over the matter, MCL 600.6421(4)(b), subject to MCL 600.6421(1). This exception provides as follows:

> Nothing in this chapter eliminates or creates any right a party may have to a trial by jury, including any right that existed before November 12, 2013. Nothing in this chapter deprives the circuit, district, or probate court of jurisdiction to hear and determine a claim for which there is a right to a trial by jury as otherwise

---

[4] Plaintiff's jurisdictional arguments are only partially preserved. Before the Court of Claims, plaintiff repeatedly argued that its right to a jury trial was constitutional in nature. Plaintiff did not bring to the court's attention the statutory bases for its claims until its motion for reconsideration. An issue is not preserved if it is presented to the lower court for the first time in a motion for reconsideration. *George v Allstate Ins Co*, 329 Mich App 448, 453; 942 NW2d 628 (2019). Nonetheless, we may review an issue that presents a question of law where the facts necessary for its resolution have been presented, or resolving the issue is necessary to properly determine the case. *Autodie, LLC v Grand Rapids*, 305 Mich App 423, 431; 852 NW2d 650 (2014).

provided by law, including a claim against an individual employee of this state for which there is a right to a trial by jury as otherwise provided by law. Except as otherwise provided in this section, if a party has the right to a trial by jury and asserts that right as required by law, the claim may be heard and determined by a circuit, district, or probate court in the appropriate venue. [MCL 600.6421(1).]

The circuit court is presumed to have subject-matter jurisdiction over a civil action unless the Michigan Constitution or a statute expressly gives jurisdiction to another court. *O'Connell v Dir of Elections*, 316 Mich App 91, 101; 891 NW2d 240 (2016). The Court of Claims Act does not deprive the circuit court of jurisdiction to hear and determine a claim for which there is a right to a jury trial. MCL 600.6421(1). Rather, in such cases, concurrent jurisdiction exists between the circuit court and the Court of Claims. *Baynesan*, 316 Mich App at 654, citing MCL 600.6421(1). The Court of Claims must resolve issues within its exclusive jurisdiction before transferring claims for which concurrent jurisdiction exists back to the circuit court. *Id.*

Because plaintiff's claim is a demand for monetary relief against the state's officers, jurisdiction of the matter rests with the Court of Claims. To the extent that plaintiff is entitled to a jury trial, the Court of Claims has concurrent jurisdiction with the circuit court. The circuit court does not have sole jurisdiction over those claims.

Plaintiff submits that it has a statutory right to a jury trial on its inverse-condemnation claims. Although property owners in some types of eminent-domain claims are statutorily entitled to a jury trial, plaintiff does not have the right to a jury trial on its specific claim.

The Michigan Constitution provides that "[p]rivate property shall not be taken for public use without just compensation therefore being first made or secured in a manner prescribed by law." Const 1963, art 10, § 2. Michigan's Takings Clause affords greater protection than its federal counterpart regarding issues of eminent domain. *Rafaeli, LLC v Oakland Co*, 505 Mich 429, 454; 952 NW2d 434 (2020). "Eminent domain is an inherent right of a state to condemn private property for public use." *Merkur Steel Supply, Inc v Detroit*, 261 Mich App 116, 129; 680 NW2d 485 (2004). An inverse-condemnation claim arises when the government takes property without formal condemnation proceedings. *The Gym 24/7 Fitness, LLC v Michigan*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 355148), lv pending; slip op at 15.[5] An inverse-condemnation claim may arise without a physical taking, and when there has been only a partial taking. *Merkur Steel Supply*, 261 Mich App at 125.

The Court of Claims is the exclusive forum to adjudicate inverse-condemnation claims. *Lim*, 167 Mich App at 754-755. In *Lim*, 167 Mich App at 755, this Court considered the interplay of the Uniform Condemnation Procedures Act (UCPA), MCL 213.51 *et seq.*, and the jurisdiction of the Court of Claims. We concluded that the UCPA only guaranteed a jury trial on the issue of

---

[5] We recognize that the Court of Claims never reached the merits of whether a restaurant, bar, or banquet hall may obtain a recovery of the State for loss profits through an inverse condemnation or taking action. But we note that in *The Gym 24/7 Fitness, LLC*, ___ Mich App at slip op 15-19, this Court declined to validate a takings claim arising from the government's closure of a business as a safeguard against the spread of COVID-19.

whether the value of a parcel of property had been partially taken in actions *initiated by an agency*, not in inverse-condemnation claims initiated by the property owners. *Lim*, 167 Mich App at 755.

In this case, plaintiff alleged that the state's actions constituted a regulatory taking for which compensation had not been paid. Although a plaintiff may be entitled to a jury trial when the state or its agencies initiate condemnation proceedings, that is not the circumstance of this case. An inverse-condemnation proceeding initiated by a property owner is a different type of proceeding from a claim initiated by the state or its agencies. As determined by the *Lim* Court, such claims against the state must be considered in the Court of Claims, and there is no right to a jury trial.

Plaintiff contends that *Lim* is not binding and that this Court should decline to follow it in this case. A lower court must follow a published decision of this Court until this Court or the Michigan Supreme Court overturns it, regardless of whether the lower court agrees with the decision. *In re Hague*, 412 Mich 532, 552; 315 NW2d 524 (1982). Stare decisis required the Court of Claims to follow this Court's precedent. Consequently, the Court of Claims did not plainly err when it held that plaintiff had no right to a jury trial on its inverse-condemnation claims.[6]

Plaintiff also submits that it has a constitutional right to a jury trial in its claim involving the Takings Clause and the authority discussed at the motion hearing before the Court of Claims was distinguishable. We disagree.

This issue concerns the application of *Hill v State*, 382 Mich 398; 170 NW2d 18 (1969). In *Hill*, 382 Mich at 400, our Supreme Court considered a complaint for mandamus by the plaintiffs who alleged that their property had been damaged as the result of the construction of a highway. The plaintiffs sought damages and compensation for both "actual taking and for inverse condemnation" as the result of the construction. *Id*. at 403 (quotation marks omitted). Our Supreme Court explained that mandamus was not the appropriate cause of action for the plaintiffs' claims. *Id*. at 405. Because there had been no actual physical taking of the plaintiffs' property, it was concluded that the plaintiffs' case should be heard by the Court of Claims. *Id*. at 404-406.

The plaintiffs also argued that a proceeding before the Court of Claims would deprive them of an adequate remedy because the amount of damages could not be determined by a jury in such a proceeding. *Id*. at 405. Accordingly, the plaintiffs sought to require the state to initiate

---

[6] Indeed, there is no basis to depart from *Lim*. This Court is not bound to follow its decisions rendered before November 1, 1990. See *2000 Baum Family Trust v Babel*, 488 Mich 136, 180 n 26; 793 NW2d 633 (2010). Regardless, important prudential considerations, such as the statutory basis of a decision, the area of law, length of time since an opinion was issued, and public reliance, may support this Court following its pre-1990 decisions. *Id*. *Lim* was decided in 1988. As previously discussed, while statutes support that a property owner is entitled to a jury in condemnation cases initiated by the state, no such statute provides that a property owner is entitled to a jury in an inverse-condemnation case. Additionally, *Lim* has been subsequently applied after 1990 to address the subject-matter jurisdiction of the Court of Claims. See *Dunbar*, 197 Mich App at 5. Thus, various factors support continued reliance on this precedent.

condemnation proceedings under the condemnation statutes, which provided for a jury, whereas the Court of Claims Act required cases to proceed without a jury. *Id*. at 405-406.

Our Supreme Court rejected the argument. *Id*. at 406. It noted that Const 1908, art 13, § 2 had required a jury of 12 freeholders or not fewer than three commissioners to determine necessity and just compensation in an action for condemnation by the state or its agencies, except when compensation was to be made by the state, and that the current version of the Michigan Constitution provides only that "[c]ompensation should be determined in proceedings in a court of record." *Id*. at 406, quoting Const 1963, art 10, § 2 (quotation marks omitted). The Court ruled that: "*Since neither the Constitution of 1908 nor 1963 provides a constitutional right to a jury in a condemnation hearing* and since there is statutory authority for non-jury proceedings by the Highway Commission, the plaintiffs' claim of a right to a determination of damages by a jury is without merit." *Id*. at 406 (emphasis added).[7]

For these reasons, we reject plaintiff's argument that the Court of Claims lacked subject-matter jurisdiction over plaintiff's claims and that it should have transferred the case back to the Macomb County Circuit Court.

## III. STANDING

Plaintiff alleges the Court of Claims did not properly apply Michigan authority when it determined that plaintiff failed to establish standing to seek monetary damages on behalf of its members. We disagree.

MCR 2.116(C)(5) provides that a party may move for summary disposition if the plaintiff lacks the capacity to sue. Summary disposition may be appropriate under MCR 2.116(C)(5) when a party lacks standing. *McHone v Sosnowski*, 239 Mich App 674, 676; 609 NW2d 844 (2000). When deciding a motion under MCR 2.116(C)(5), the trial court may consider the pleadings, depositions, admissions, affidavits, and other documentary evidence. *Id*. This Court reviews de

---

[7] We reject plaintiff's attempt to distinguish *Hill*. The Michigan Constitution provides that "[p]rivate property shall not be taken for public use without just compensation therefore being first made or secured in a manner prescribed by law." Const 1963, art 10, § 2. The phrase "as prescribed by law" indicates that the Legislature may expand rights under a constitutional section. See *Bailey v Antrim Co*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357838); slip op at 5. As previously discussed, some statutes do provide that a plaintiff has the right to a jury in certain types of eminent-domain cases. But simply because the Legislature has chosen to expand parties' rights to include a jury trial in some types of eminent-domain cases does not mean that the parties have a right to a jury trial in *all* eminent-domain cases. While plaintiff characterizes the application of *Hill* as resulting in plaintiff's loss of the right to a jury trial if the case proceeds before the Court of Claims, *Hill* clearly states that there is not and has never been a constitutional right to a jury in a condemnation hearing. Plaintiff's claimed loss of a right is not supported under the circumstances.

novo both the trial court's decision on a motion for summary disposition and whether a party has standing. *Barclae v Zarb*, 300 Mich App 455, 466-467; 834 NW2d 100 (2013).

A party has standing when he or she is the proper party to request adjudication of the issue. *Lansing Schs Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 355; 792 NW2d 686 (2010). This includes when the party "has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large . . . ." *Id*. A plaintiff cannot assert the legal rights of third parties. *Barclae*, 300 Mich App at 483. The real party in interest in an action "is the party who under the substantive law in question owns the claim asserted." *Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust Bd of Trustees v Pontiac No 2*, 309 Mich App 611, 622; 873 NW2d 783 (2015). Stated otherwise, the real party in interest "is one who is vested with the right of action as to a particular claim." *Id*. A party who is not the real party in interest lacks standing to sue. See *id*. at 622-623.

First, plaintiff argues that the Court of Claims erred by adopting federal standing doctrines, specifically the test in *Hunt v Washington State Apple Advertising Comm'n*, 432 US 333, 343; 97 S Ct 2434; 53 L Ed 2d 383 (1977). However, the ruling did not adopt this test, and to the extent federal precedent was considered, it was merely deemed persuasive authority.

Federal laws and regulations are not binding authority on Michigan courts concerning Michigan laws, even when the laws are very similar. *Peden v Detroit*, 470 Mich 195, 217; 680 NW2d 857 (2004). As previously discussed, standing in Michigan depends on who owns the claim. *Pontiac Police & Fire*, 309 Mich App at 622. Federal standing depends on "both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Warth v Seldin*, 422 US 490, 498; 95 S Ct 2197; 45 L Ed 2d 343 (1975).

In this case, the Court of Claims noted that, generally, an association could advocate for the interests of its members. It considered the *Warth* decision, 422 US at 499, as raised by defendants, which rejected the notion that an association had standing to pursue damages on behalf of its members. The Court of Claims then reasoned that "the idea that an association lacks standing to pursue a claim for monetary damages on behalf of its members is compelling." It addressed the *Barclae* decision, 300 Mich App at 483, for the proposition that the claims for monetary damages belonged to individual members of plaintiff, and that plaintiff could not assert rights belonging to others. The Court of Claims also considered *Neighborhood Action Coalition v City of Canton*, 882 F2d 1012, 1017 (CA 6, 1989), which held that an association could seek injunctive relief, *but not monetary damages*, on behalf of its members because the diminished value of each plaintiff's property would require individualized proofs. It expressly stated that this federal decision was not binding precedent, but it considered it to be persuasive authority.

We reject plaintiff's contention that the trial court improperly adopted federal authority. In our view, the Court of Claims principally relied on *Lansing Schs Ed Ass'n*, 487 Mich at 355, and *Barclae*, 300 Mich App at 483, to determine that plaintiff lacked standing to pursue these claims. However, it then proceeded to address the federal authority cited by the parties and noted the federal authority that was further persuasive and in accord with Michigan law. Thus, we conclude that the Court of Claims properly considered federal precedent as persuasive and properly applied Michigan precedent regarding standing to plaintiff's case.

Furthermore, the Court of Claims correctly concluded that plaintiff was not the real party in interest and was not the proper party to bring monetary claims on behalf of its members. Plaintiff made no assertion that the executive orders restricting the food-service industry affected the legal rights of plaintiff itself. That is, it failed to identify any actual controversy between itself and defendants. See *Pontiac Police & Fire*, 309 Mich App at 624-625. Because plaintiff's legal rights are not in jeopardy, it does not have an actual controversy with the state defendants, and it lacks standing to sue. Additionally, it failed to demonstrate that it was acting as a whole on the majority vote of its members that shared a common injury. *Id*. at 625-626. The blanket assertion that plaintiff was acting on behalf of an association was insufficient to demonstrate standing under the circumstances. *Id*.

Lastly, we reject plaintiff's argument that the court should have given it an opportunity to amend its complaint because the court granted summary disposition under MCR 2.116(C)(5), not (C)(8), (9), or (10). See MCR 2.116(I)(5).

Affirmed.

/s/ Anica Letica
/s/ Deborah A. Servitto
/s/ Noah P. Hood